## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MAYRA MORALES and )
BRUNO MORALES, )
)
         Plaintiffs, )
)
v. )    Case No. CIV-25-205-SLP
)
ALLSTATE FIRE AND CASUALTY )
INSURANCE COMPANY, )
)
         Defendant. )

## **O R D E R**

The Court is in receipt of Defendant Allstate Fire and Casualty Insurance Company's Amended Motion to Strike Plaintiffs' Expert Mark S. Romano or, Alternatively, Reset Trial to a Later Date and Compel the In-Person Deposition Testimony of Plaintiffs' Expert Mark S. Romano. [Doc. No. 70]. Yesterday, Defendant submitted a similar motion, but it did not expressly include a request to compel the deposition. [Doc. No. 65]. Because the motion did not include whether opposing counsel opposed the relief, the Court struck the motion without prejudice to refiling. [Doc. No. 65]. The Amended Motion now states that Plaintiffs oppose the request.

Defendant states that Plaintiffs' expert, Mr. Romano, has been unable to appear in-person for a deposition due to a medical issue. Defendant further represents that the parties "have been attempting to schedule an in-person deposition of Mr. Romano for quite some time" but the Amended Motion provides no detail as to what "quite some time" entails. Indeed, the Amended Motion—spanning only three pages—offers little factual or legal

support, which is notable given the significant relief requested.  Defendant advises that the earliest date Mr. Romano could appear in person for a deposition is April 14, 2026, the first day of the scheduled trial in this matter.  Although Plaintiffs have offered to produce Mr. Romano for a remote deposition, Defendant contends that "it is imperative" that the deposition occur in person because Mr. Romano is a key witness.  Defendant seeks two alternative forms of relief: (1) strike Mr. Romano as a witness altogether; or (2) compel Mr. Romano's in-person deposition and continue the trial date.

The Amended Motion presents several deficiencies.  First, although styled as a "motion to strike," the relief sought is, in substance, a motion to compel discovery.[1] However, Defendant has not certified compliance with LCvR 37.1, which requires the parties to meet and confer in person prior to filing a discovery motion.  The rule further provides that the Court "shall refuse to hear" any such motion absent compliance.  On this basis, alone, the Motion is DENIED without prejudice to refiling.  *See id.*[2]  Both parties are strongly reminded that LCvR 37.1 requires not merely perfunctory contact, but a "sincere attempt to resolve differences" in good faith.  *Id.*

---

[1] Further, Defendant offers no legal authority to support its request to "strike" an expert witness who appears to have been properly disclosed.  *See* Pl. Witness List [Doc. No. 27]; Pretrial Report [Doc. No. 46].

[2] *See also Harvest Grp. LLC v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-20-00435-JD, 2024 WL 4880747 (W.D. Okla. Nov. 25, 2024) (denying motion to compel for failure to comply with LCvR 37.1); *Smith v. C.R. Bard, Inc.*, No. CIV-19-00849-PRW, 2020 WL 13648610 (W.D. Okla. Nov. 4, 2020); *Jobson v. United States ex rel. Dep't of Veteran Affs.*, No. CIV-17-574-SLP, 2018 WL 8299886, at *6 (W.D. Okla. Aug. 27, 2018) (refusing to hear portions of motion that were not discussed in the meet and confer); *Taylor v. Boise Cascade Express, a Div. of Boise Cascade Off. Prods.*, No. CIV-04-0266-L, 2004 WL 7332758 (W.D. Okla. Dec. 14, 2004).

Second, discovery closed on March 2, 2026. *See* Scheduling Order [Doc. No. 25]. While Defendant represents that the parties have been working together to agree on a date to depose Mr. Romano, private stipulations cannot move court deadlines without approval.[3] Fed. R. Civ. P. 29(b). The Amended Motion does not acknowledge that discovery has closed, nor does it explain why Defendant delayed seeking relief from the Court.

Third, any request to conduct a deposition after the discovery deadline or to continue the trial necessarily implicates Rule 16(b)(4), which requires a showing of "good cause" to modify the Scheduling Order. Fed. R. Civ. P. 16(b)(4). "Good cause" under Rule 16(b) "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). It also "obligates the moving party to provide an adequate explanation for any delay." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019). The Court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011). The Amended Motion fails to make any reference to the good cause standard or articulate how Defendant could meet such standard.

---

[3] Federal Rule of Civil Procedure 29(b) explicitly states that "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." "The court has the authority to reject a Rule 29 stipulation that thwarts full disclosure or delays a case, and it also has the authority to enforce a Rule 29 stipulation." *Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *2 (D. Kan. Dec. 15, 2020) (gathering cases). Here, to the extent the parties had a Rule 29 stipulation to extend the timing of a deposition, neither party sought approval from the Court or *even notified the Court*.

Because the Motion is noncompliant with LCvR 37.1, the Motion is denied without prejudice to refiling.  The Court cautions Defendant that failure to address the deficiencies identified herein in any renewed motion may result in the filing being stricken or summarily denied.[4]  In anticipation that Defendant will refile its motion, the Court finds it appropriate to strike the Pretrial Conference currently set for March 24, 2026, and to establish an expedited briefing schedule.

IT IS THEREFORE ORDERED that Defendant's Amended Motion [Doc. No. 70] is DENIED without prejudice to refiling for noncompliance with LCvR 37.1.  Defendant may file a renewed motion no later than March 20, 2026.  Any renewed motion must demonstrate compliance with LCvR 37.1 and address the issues identified in this Order.

IT IS FURTHERED ORDERED that any response by Plaintiff to a refiled motion shall be due no later than March 27, 2026.  Defendant may file an optional reply no later than March 31, 2026.

IT IS FURTHER ORDERED that the Pretrial Conference set for March 24, 2026 is STRICKEN, to be reset at a later date.

IT IS SO ORDERED this 17th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[4] Although the Court notes certain deficiencies in the briefing, it makes no substantive ruling at this time.  Nothing herein should be construed as indicating how the Court may rule on any issue.