**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MAYRA MORALES and BRAULIO MORALES,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-205-SLP |

# ORDER

Before the Court are the motions in limine filed by Plaintiffs Mayra Morales and Braulio Morales. [Doc. No. 44]. Defendant Allstate has filed a Response. [Doc. No. 52].

## I. Introduction

This is an action for breach of contract and bad faith arising from Allstate's refusal to pay Plaintiff's underinsured/uninsured motorist ("UM/UIM") claim. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Therefore, state law governs the substantive issues before the Court, *see, e.g., Petersen v. Raymond Corp.*, 994 F.3d 1224, 1226 (10th Cir. 2021), and the parties do not dispute that Oklahoma law is the applicable governing law.

## II. Governing Standard

Both parties move for certain pretrial rulings with respect to the admissibility of evidence in this action. *See Edens v. The Netherlands, Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (recognizing that a motion in limine is a "pretrial request that certain

inadmissible evidence not be referred to or offered at trial" (quotations omitted)). The purpose of such rulings are to avoid delay and unnecessary trial interruptions. *See, e.g., Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-CV-00578-WJM-CBS, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012) (unpublished op.).

A district court's in limine rulings are preliminary in nature and the court "may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce v. United States*, 469 U.S. 38, 41 (1984) ("The [in limine] ruling is subject to change when the case unfolds . . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

A motion in limine should address specific evidence that is irrelevant, inadmissible or prejudicial. Thus, motions in limine that generally lack specificity as to particular evidence are properly denied. *See Kimzey v. Diversified Servs., Inc*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) (unpublished op.) (citations omitted); *see also Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-00329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020).

## III. **Discussion**

The Plaintiffs seek to exclude seven categories of argument and evidence, *see* [Doc. No. 44]. Defendant has responded. [Doc. No. 52].

**1. Exclude evidence or argument concerning matters not relied upon by Defendant in its handling of Plaintiffs' claim.**

Plaintiffs ask the Court to exclude any evidence Allstate didn't rely upon during its investigation and evaluation of the Plaintiffs' claim. Specifically, the Plaintiffs seek to exclude "testimony or evidence relating to a) Plaintiffs' unrelated subsequent medical conditions and care, b) the fact that Plaintiff Mayra Morales was unrestrained, and c) Plaintiffs' prior claim history with Defendant and continued holding of Defendant's home and auto policies." [Doc. No. 44] at 4.

Allstate concedes that it does not intend to introduce evidence of Mayra Morales' subsequent medical conditions and therefore the Court deems this issue MOOT.

However, as to whether Ms. Morales was unrestrained at the time of the accident, Allstate contends that it specifically relied upon "the nature of the accident, and the fact Ms. Morales was not belted during the accident as part of its evaluation." [Doc. No. 52] at 5; *see also* [Doc. No. 52-2]. And Allstate clearly raises a contributory negligence defense in the parties' Joint Final Pretrial Report. [Doc. No. 46] at 6. Allstate further argues that Ms. Morales' credibility is at issue, as in certain instances she states that she was not wearing a seatbelt, but in other instances she states that she was wearing a seatbelt.

It is evident that Allstate did, in fact, consider Ms. Morales' use of a seatbelt during the accident in its handling of Plaintiffs' claim, and therefore the Court renders that evidence admissible.

As to prior claims history, the Plaintiffs' assert that the "fact that Plaintiffs have had a previous homeowners claim for the April 2023, tornado related loss of their home, and

have maintained Allstate policies since this incident is irrelevant and prejudicial." [Doc. No. 44] at 5. Plaintiffs further assert that because Allstate did not rely on this information during its claim evaluation process, it should be excluded from offering it as evidence at trial. In response, Allstate contends that the fact Plaintiffs continue to hold policies with Allstate and have been happy with Allstate's handling of past claims "goes directly to Ms. Morales's credibility." [Doc. No. 52] at 8.

Plaintiffs are correct that as a general matter, for purposes of a bad faith claim it is the information the insurer relied upon at the time it denied the claim that is the focus of the relevant inquiry. This same rule does not necessarily govern Plaintiffs' breach of contract claim. As the Tenth Circuit has recognized, "[a]s a basic matter, an insurer must disclose the rationale for coverage denial within a reasonable time." *Cust-O-Fab Serv. Co. LLC v. Admiral Ins. Co.*, 158 F. App'x 123, 129 (10th Cir. 2005). But in *Cust-O-Fab*, the court found it was proper for the insurance company to raise a policy defense in a summary judgment motion even though the policy defense had not been raised by the insurer in the initial denial of coverage. *Id*. at 129-30.

Plaintiffs provide no argument or case law suggesting that their prior homeowners insurance claim and/or insurance policies may be inadmissible as it relates to the Plaintiffs' breach of contract claim. Further, Plaintiffs have not met their burden in proving the evidence is more prejudicial than probative. Therefore, the Court deems this evidence admissible.

The Court, therefore, DENIES WITHOUT PREJUDICE Plaintiffs' Motion with respect to this evidence.

**2. Exclude evidence or argument concerning Plaintiffs' Counsel and their relationship with their clients, including whether they referred Plaintiff Mayra Morales to her medical providers.**

Plaintiffs assert that Defendant should be "prohibited from offering any statement . . . regarding Plaintiffs' relationship with their counsel." [Doc. No. 44] at 6. Plaintiff purports this to include whether Plaintiffs' attorneys referred Ms. Morales to her medical providers; whether Plaintiffs' attorneys are working on a contingency basis; where Plaintiffs' attorneys live; Plaintiffs' attorneys religious, political, or social affiliations; and/or the financial means of their law firms. Plaintiffs assert that such matters are irrelevant and prejudicial.

In response, Defendant states that it "anticipates that Plaintiffs will call the physicians listed in the Final Pretrial Report . . ." to testify at trial; and disallowing this evidence negates the Defendants ability to properly cross examine these witnesses, specifically as to bias. [Doc. No. 52] at 9.

In general, the Court finds the list of items identified by Plaintiff are excludable as irrelevant and/or inflammatory and unduly prejudicial. *See* Fed. R. Evid. 402, 403. However, without identification of specific evidence or the context in which such evidence may be introduced at trial, the Court reserves any ruling as to their admissibility at this time. The Court, therefore, DENIES WITHOUT PREJUDICE Plaintiffs' Motion with respect to this evidence.

**3. Exclude evidence or argument concerning whether Plaintiffs carry health insurance.**

Plaintiffs ask the Court to bar Defendant from asking Ms. Morales, "why she did not carry health insurance." [Doc. No. 44] at 7. Plaintiffs assert that such a fact is "supremely prejudicial," "constitutes a collateral source," and "is not relevant to the issues of this case." *Id.* In Response, Defendants contend that the evidence may be admitted to attack Ms. Morales' credibility, as Ms. Morales has not yet received the surgery Plaintiffs allege is medically necessary. [Doc. No. 52] at 10.

Oklahoma's collateral source rule "generally prevents a tortfeasor from benefitting from payments made to a plaintiff by parties other than the tortfeasor." *C&H Power Line Constr. Co. v. Enterprise Prods. Operating, LLC*, 386 P.3d 1027, 1033 (Okla. 2016).[1] Evidence of collateral benefits has the great potential to prejudice Plaintiffs due to the risk that the jury will artificially lower its damage award in light of such evidence. But evidence of Plaintiffs' health insurance, or the lack thereof, may have potential relevance as identified by Defendants. The Court RESERVES any ruling at this time. The admissibility of this evidence will necessarily depend upon the manner in which it is introduced and the balancing required by Rule 403 of the Federal Rules of Evidence. Accordingly, prior to

[1] Oklahoma law governs whether the collateral source rule bars admission of evidence regarding collateral sources of payments made to Plaintiff. *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 880 (10th Cir. 2006 )("[Federal procedural rules do not] preempt the so-called substantive state rules of evidence, such as . . . the collateral source rule . . . ."); *Macsenti v. Becker*, 237 F.3d 1223, 1241 (10th Cir. 2001) (applying state law in determining whether evidence would be inadmissible under collateral source rule).

introduction of any such evidence, counsel are admonished to approach the bench and request a ruling.

**4. Exclude evidence or argument concerning Defendant's payments of an "undisputed amount" or payment of the separate Medical Payments coverage."**

Plaintiffs ask the Court to bar "any evidence or reference to Defendant's post-suit payment of the so-called 'undisputed amount,'[2] and payment under Plaintiff's Medical Payments coverage" arguing these payments are irrelevant and overly prejudicial. [Doc. No. 44] at 7. The Plaintiffs further seemingly make an argument that these payments are "litigation-stage concessions" or "litigation conduct."

In response, Defendant argues that it offered to pay Plaintiffs the undisputed amount more than a year before Plaintiffs filed the present lawsuit. And simply because Plaintiffs did not accept the offer until after filing the lawsuit does not render the payment a "litigation-stage concession." The Court agrees with Defendant that it may inform the jury of the timing and amounts of payments it made to the Plaintiffs notwithstanding the fact that the Plaintiffs did not accept Defendant's offer until after filing the lawsuit. Such evidence is not a "litigation-stage concession" and remains relevant to the Plaintiffs' claims. The Court, therefore, DENIES WITHOUT PREJUDICE Plaintiffs' Motion with respect to this evidence.

[2] The "undisputed amount" references the payment Allstate made to Plaintiff in the amount of $11,141.86. *See* [Doc. No. 46] at 4.

**5. Exclude evidence or argument concerning "minimal" vehicle damage or "low impact."**

Plaintiffs seek to exclude Allstate's characterization that the vehicle damage stemming from the accident was "minimal to moderate" and that "force of impact was low." [Doc. No. 44] at 8. Plaintiffs state that "under *Buzzard*,[3] Allstate did not use biomechanical evidence, an accident reconstructionist, or any expert testimony to formally dispute" Ms. Morales' injuries. [Doc. No. 44] at 8-9. Defendant contends that Plaintiffs' interpretation of *Buzzard* is overly broad. The Court agrees. As stated *supra*, as a general matter, for purposes of a bad faith claim it is the information the insurer relied upon at the time it denied the claim that is the focus of the relevant inquiry. At the time it denied the claim, Allstate relied upon the nature of the accident in this matter, including the vehicles damage and the impact. The Court, therefore, DENIES WITHOUT PREJUDICE Plaintiffs' Motion with respect to this evidence.

**6. Exclude evidence or argument regarding Colossus "trade secrets" to avoid explaining methodology.**

Plaintiffs next argue that Defendant should not be able to object to Plaintiffs expert's testimony regarding "Colossus evaluation software on 'trade secret' grounds while simultaneously relying on Colossus valuations to justify its claim handling. . ." [Doc. No. 44] at 9. Plaintiffs ask the Court to exclude such trade secret arguments and evidence.

---

[3] While Plaintiffs cite *Buzzard*, they fail to distinguish between *Buzzard v. Farmers Ins. Co.*, 1991 OK 127, 824 P.2d 1105 and *Buzzard v. McDanel*, 1987 OK 28, 736 P.2d 157, both of which Plaintiffs subsequently cite in their Motion. Plaintiffs further fail to provide the Court with any pincite to refer to. Therefore, the Court must speculate as to what Plaintiffs are asserting.

In response, Defendant argues that Plaintiffs assert their stance without providing any support, and further, per the Stipulated Protective Order [Doc. No. 22], "The rules and procedures governing the use of Confidential Information at trial shall be determined by the Court at the final pretrial conference." *Id.* at 9.

Per the Stipulated Protective Order [Doc. No. 22], the Court RESERVES discussion regarding evidence involving Colossus for the scheduled pretrial conference.

**7. Exclude evidence or argument regarding the alleged September 8, 2022 roundtable.**

Lastly, Plaintiffs argue that Allstate should be precluded from relying on any evidence of "a roundtable discussion on September 8, 2022" because no witness can authenticate what occurred at this roundtable and therefore "[t]he claim file entry is hearsay with no witness able to testify to its contents or authenticate what was discussed." [Doc. No. 44] at 10. In response, Allstate argues that the roundtable discussion falls under the business records exception of the hearsay rule.

The Tenth Circuit has widely recognized the business records exception to the hearsay rule. *See e.g. United States v. Ary*, 518 F.3d 775, 786 (10th Cir. 2008) ("Rule 803(6) of the Federal Rules of Evidence provides an exception to the hearsay rule for business records if they are 'kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the ... record.' The rationale behind this exception is that business records 'have a high degree of reliability because businesses have incentives to keep accurate records.') (*citing United States v. Gwathney*, 465 F.3d 1133 (10th Cir. 2006)).

Because Allstate's note about the roundtable discussion was recorded in its claim file, the Court is currently persuaded that the note about the roundtable falls within the business records exception to the hearsay rule. The Court, therefore, DENIES WITHOUT PREJUDICE Plaintiff's Motion with respect to this evidence. Plaintiff may make appropriate contemporaneous objections at trial as to the scope of admissibility of any such evidence.

**Conclusion**

IT IS THEREFORE ORDERED the motions in limine filed by Plaintiffs Mayra Morales and Braulio Morales [Doc. No. 44] are DENIED WITHOUT PREJUDICE as more fully set forth.

IT IS SO ORDERED this 12th day of November, 2026.

Scott L. Palk

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**